UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.

| |
|---|
| GUY EMERSON, |
| Plaintiff, |
| v. |
| MASSACHUSETTS PORT AUTHORITY, |
| Defendant. |

### NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(a)

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

Petitioner, the Massachusetts Port Authority ("Massport"), respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the District of Massachusetts, Civil Section, from the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County. As grounds for removal Massport states as follows:

1. Massport is named as defendant by the plaintiff, Guy Emerson in a civil action filed in the Suffolk County Superior Court, entitled Guy Emmerson (sic) v. Massachusetts Port Authority, Civil Action No. 13-03566-F. On December, 11, 2013, the defendant Massport was served with a Summons and a copy of the Complaint. (Copies attached hereto as Exhibits A and B). Massport has not yet answered the Complaint.

2. This is a suit of a wholly civil nature, brought in a Massachusetts state court. The action is pending in Suffolk County, Massachusetts, and, accordingly, under 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

3.      Massport is an independent public authority created by Chapter 465 of the Massachusetts Act of 1956, as amended, with its principal place of business in Massachusetts. Massport "is a financial entity distinct from the state, with many of the characteristics of a private corporation . . . ." Jakobesen v. Massachusetts Port Authority, 520 F.2d 810, 813 n.2 (1st Cir. 1975). When being sued by a citizen of another state, its locus in Massachusetts triggers diversity jurisdiction, if the jurisdictional amount is met. Cf. Jakobesen, 520 F.2d at 810.

4.      Guy Emerson is a citizen of the State of Maine. (Compl. ¶ 1; Summons).

5.      The Complaint seeks $150,000 in damages. (See Civil Action Cover Sheet Ex. C hereto).

6.      Because this action involves citizens of different states and the matter in controversy exceeds the sum or value of $75,000, the District Court has diversity jurisdiction under 28 U.S.C. § 1332.

7.      The Defendant is filing this Notice within thirty days of service of the Summons and Complaint upon it, within thirty days of the date this case became removable, and within the statutory time period for filing this petition. See 28 U.S.C. §1446.

8.      The Defendant will file a Notice of Removal-Notice Filing and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, Suffolk County.

9.      Pursuant to Local Rule 81.1(a), Massport shall request of the Clerk of the Superior Court of Massachusetts, County of Suffolk, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty days after the filing of the Notice of Removal.

WHEREFORE Massport prays that the above action now pending in the Superior Court of the Commonwealth of Massachusetts in and for Suffolk County be removed from that court to this United States District Court.

Respectfully submitted,

MASSACHUSETTS PORT AUTHORITY

By their attorneys,

_____
John R. Hitt (BBO #567235)
Cosgrove, Eisenberg & Kiley P.C.
One International Place, Suite 1820
Boston, MA 02110
(617) 439-7775
jhitt@ceklaw.net

Dated: December 30, 2013