```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

|  |  |  |
|---|---|---|
| GUY EMERSON, | ) | |
|     Plaintiff, | ) | |
|  | ) | |
|         v. | ) | C.A. No. 13-cv-13284-MLW |
|  | ) | |
| MASSACHUSETTS PORT AUTHORITY, | ) | |
|     Defendant. | ) | |

<u>MEMORANDUM AND ORDER</u>

WOLF, D.J.                                         September 28, 2015

On September 7, 2013, Guy Emerson sued his former employer, the Massachusetts Port Authority ("Massport"), in Massachusetts state court. The complaint alleged that Emerson had reported discriminatory practices by another employee and Massport retaliated by firing him, in violation of Massachusetts anti-discrimination law. The complaint further alleged intentional infliction of emotional distress ("IIED"). Massport removed this case to federal court based on diversity jurisdiction. On January 16, 2014, Massport moved to dismiss for failure to state a claim. Emerson has not filed an opposition. On February 5, 2014, Emerson's counsel, James Tewhey, Esq., filed a motion to withdraw as attorney. On February 11, 2014, Emerson filed an opposition to Tewhey's motion.

On September 9, 2015, the court scheduled a hearing on Tewhey's Motion to Withdraw. That hearing was held, as scheduled, on September 16, 2015. Massport's counsel appeared at this

hearing, but Emerson and his counsel did not. The court has no reason to believe plaintiff's counsel did not receive notice of the hearing. The court does not know whether Emerson received notice.

I.  MOTION TO WITHDRAW

The court is not required to provide a hearing on an attorney's motion to withdraw. See Local Rules for the Federal District Court of the District of Massachusetts, §83.5.2(c). Generally, "[t]he grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court[.]" Lieberman v. Polytop Corp., 2 Fed. App'x 37, 39 (1st Cir. 2001) (quoting Andrews v. Bechtel Power Corp., 780 F.2d 124, 135 (1st Cir. 1985)).

The motion to withdraw is meritorious. Emerson states that he has filed a complaint with the Board of Bar Overseers regarding his counsel. See Docket No. 10. Tewhey states that "there has been little or no contact between the plaintiff [and] this attorney" and describes the relationship as "adversarial." Docket No. 9. The trust necessary to the attorney-client relationship evidently no longer exists here. Therefore, it is appropriate to allow Tewhey to withdraw as counsel.

Plaintiff's February 11, 2015 opposition to the Motion to Withdraw expressed concerns regarding a retainer paid to counsel.

2

Under the Massachusetts Rules of Professional Conduct, "where a client pays an attorney a sum of money for legal fees before the legal fees have been earned, the fees advanced . . . belong to the client until earned by the attorney and must be held as trust funds in a client trust account." In re Sharif, 459 Mass. 558, 564 (2011) (citing Mass. R. Prof. C. 1.15(a)(1)). In the case of disputes over attorney billing, "the attorney may not withdraw the disputed funds from the trust account until the dispute is resolved." Id. If the attorney has already withdrawn disputed funds, "the attorney must restore the disputed amount to the trust account until the dispute is resolved." Id. at 565. The court expects counsel will perform as required by the rules.

It is not clear if plaintiff wishes to continue this case. The court is ordering that, by October 30, 2015, plaintiff cause new counsel to appear, state that he will represent himself, or request dismissal of this case.

II. MOTION TO DISMISS

As indicated earlier, defendant moved to dismiss plaintiff's complaint for failure to state a claim. Plaintiff has not responded to this motion or requested an extension of time to do so. It is not necessary that he do so. The court has studied defendant's motion to dismiss, which asserts failure to state a claim for IIED and failure to state a claim for retaliatory firing

under M.G.L. c. 151B, §4. The motion is allowed in part and denied without prejudice in part.

A. <u>Intentional Infliction of Emotional Distress</u>

For the reasons discussed below, plaintiff does not state a plausible claim for IIED. Accordingly, defendant's motion to dismiss is allowed as to plaintiff's IIED claim.

"The standard for making a claim of intentional infliction of emotional distress is very high." <u>Polay v. McMahon</u>, 468 Mass. 379, 385 (2014) (quoting <u>Doyle v. Hasbro, Inc.</u>, 103 F.3d 186, 195 (1st Cir. 1996)). Under Massachusetts law, to establish IIED a plaintiff must prove:

> (1) that the defendant intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of his conduct, . . . (2) that the defendant's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community, (3) the actions of the defendant were the cause of the plaintiff's distress, and (4) the emotional distress suffered by the plaintiff was severe and of such a nature that no reasonable person could be expected to endure it.

<u>Tetrault v. Mahoney, Howkes & Goldings</u>, 425 Mass. 456, 466 (1997) (quoting <u>Payton v. Abbott Labs</u>, 386 Mass. 540, 555 (1982)).

Plaintiff does not state a plausible claim for IIED. More specifically, plaintiff has not alleged the required extreme and outrageous conduct on the part of Massport. "Conduct qualifies as extreme and outrageous only if it 'go[es] beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly

4

intolerable in a civilized community.'" Polay, 468 Mass. at 386 (quoting Roman v. Trustees of Tufts College, 461 Mass. 707, 718 (2012)). Massport's alleged actions--accusing plaintiff of employee misconduct, scheduling disciplinary hearings and requiring plaintiff's attendance, denying plaintiff access to an entrance area, and failing to report a workplace injury--do not rise to this level.

    B.   Retaliatory Firing Claim

For the reasons discussed below, Massport's motion to dismiss is being denied without prejudice as to Emerson's retaliatory firing claim.

Under Massachusetts law, a person wishing to bring an employment discrimination claim must file a complaint with the Massachusetts Commission on Discrimination ("MCAD") "within 6 months after the alleged act of discrimination." Mass. Gen. Laws c. 151B, §5. After filing an MCAD complaint and either waiting 90 days or receiving a right-to-sue letter from a commissioner, the plaintiff must file an action "not later than three years after the alleged unlawful practice occurred." Id. §9.

Generally, a plaintiff cannot add claims in litigation that were not raised in the initial MCAD complaint. Everett v. 357 Corp., 453 Mass. 585, 602 (2009). However, "[t]he general rule [] does not mean that the administrative complaint sets a rigid

5

'blueprint' for the civil action." Id. at 602-03. Under the "scope of the investigation" rule, a claim not stated in the MCAD complaint may be asserted in litigation "so long as it is based on the acts of discrimination that the MCAD investigation could reasonably be expected to uncover.'" Id. at 603 (quoting Windross v. Village Automotive Group, Inc., 71 Mass. App. Ct. 861, 865 (2008)). "Retaliation claims typically fall within the scope of investigation rule." Id.

It appears that the retaliatory firing claim has been adequately presented to MCAD. Emerson's May 29, 2012 MCAD complaint alleged "that he had been subject to disparate terms and conditions of employment for having reported [another aviation officer]'s discriminatory behavior." See Complaint, Docket No. 1-2 at ¶35 (summarizing MCAD complaint). Emerson was fired on June 27, 2012. Id. at ¶38. Therefore, on May 29, 2012, he could have alleged only retaliatory suspension and other acts short of termination. The complaint, filed on October 7, 2013, alleged that "he was terminated not for any legitimate business reason, but because he engaged in a protective activity, that is, the reporting of discriminatory behavior." Id. at ¶40 (emphasis added). This claim relies on facts alleged in the MCAD complaint regarding Emerson's reporting of discriminatory conduct.

6

Retaliatory acts taken after the filing of Emerson's MCAD complaint would have been within the scope of MCAD's investigation.

Therefore, with regard to Emerson's retaliatory firing claim, Massport's motion to dismiss is being denied without prejudice. As the court has not been informed of developments concerning Emerson's MCAD complaint since its filing, Massport may move again for dismissal if there is material new information concerning the MCAD complaint.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Attorney James Tewhey's Motion to Withdraw (Docket No. 9) is ALLOWED.

2. Plaintiff shall, by October 30, 2015, report whether he plans to continue this case or request dismissal. If plaintiff plans to continue, he shall either cause new counsel to appear by October 30, 2015, or inform the court that he will represent himself.

3. Defendant's Motion to Dismiss (Docket No. 7) is ALLOWED in part and DENIED without prejudice in part. Defendant's motion to dismiss plaintiff's IIED claim is ALLOWED. Defendant's motion to dismiss plaintiff's M.G.L. c. 151B §4 claim is DENIED without prejudice.

4.  If plaintiff reports that he will continue to prosecute this case, a Scheduling Conference will be held on November 17, 2015, at 4:00 pm.  The parties shall comply with the attached Order concerning that conference.

                                               /s/ Mark L. Wolf
                                         UNITED STATES DISTRICT JUDGE