UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GUY EMERSON,                      )
        Plaintiff,                )
                                  )
        v.                        )    C.A. No. 13-13284-MLW
                                  )
MASSACHUSETTS PORT AUTHORITY,     )
        Defendant.                )

MEMORANDUM AND ORDER

WOLF, D.J.                                    November 13, 2015

On September 7, 2013, Guy Emerson sued his former employer,
the Massachusetts Port Authority ("Massport"), alleging employment
discrimination and intentional infliction of emotional distress
("IIED"). On January 16, 2014, Massport moved to dismiss. Emerson
has not filed an opposition. On February 5, 2014, Emerson's
counsel, James Tewhey, Esq., filed a motion to withdraw as
attorney. On February 11, 2014, Emerson filed an opposition to
Tewhey's motion.

On September 9, 2015, the court scheduled a hearing on
Tewhey's Motion to Withdraw. That hearing was held, as scheduled,
on September 16, 2015. Massport's counsel appeared at this
hearing, but Emerson and his counsel did not. On September 28,
2015, the court allowed Tewhey's Motion to Withdraw and ordered
Emerson to report, by October 30, 2015, whether he had retained
new counsel, would proceed pro se, or would move for dismissal of
the case. That order was docketed and sent to Emerson through

certified mail. Emerson has not filed such a report. On October 14, 2015, Massport filed an Answer to Emerson's complaint.[1]

For the following reasons, the court is ordering Emerson to report, by December 16, 2015, whether he has retained new counsel, plans to proceed pro se, or no longer intends to proceed with this case. This report shall seek to show cause, or explain, why the case should not be dismissed in light of Emerson's failures to comply with the court's orders. If Emerson does not file this report by December 16, 2015, or does not show cause why the case should not be dismissed, this case will be dismissed.

I.    LEGAL STANDARD

If a party "fails to obey a scheduling or other pretrial order," the court may, "[o]n motion or on its own, [] issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)- (vii)." Fed. R. Civ. P. 16(f).   Those orders may include "dismissing the action" and "rendering a default judgment against the disobedient party." Id. R. 37(b)(2)(A)(v).   "When a party fails to obey [a case management] order, the selection of an appropriate sanction is peculiarly within the province of the district court." Mulero-Abreu v. Puerto Rico Police Dep't, 675

---

[1] On September 28, 2015, the court allowed Massport's motion to dismiss as to Emerson's IIED claim, and denied without prejudice Massport's motion to dismiss Emerson's employment discrimination claim.

F.3d 88, 91 (1st Cir. 2012). "In making this selection, a district judge 'must work a complicated equation, balancing fairness to the parties with the need to manage crowded dockets.'" Id. (quoting Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003).

Similarly, "[a] district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-26 (1st Cir. 2002). "Lack of diligent prosecution is such a reason." Id. at 526; see also Fed. R. Civ. P. 41(b). Failure to comply with a court order is another such reason. See Fed. R. Civ. P. 41(b).

"[D]ismissal ordinarily should be employed only when a plaintiff's misconduct is extreme[.]" Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002); see also Danny B ex rel. Elliott v. Raimondo, 784 F.3d 825, 832 (1st Cir. 2015) ("There is no need to use an elephant gun to slay a mouse."). However, "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." Tower Ventures, 296 F.3d at 46.

"[T]he court must consider the nature and number of violations on the part of counsel prior to [dismissing the case.]" Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 39 (1st Cir.

3

2002). District courts should provide plaintiffs with "notice of
the prospect of dismissal and opportunity to offer excuses for
their delay or to advocate for lesser sanctions." Malloy v. WM
Specialty Mortg. LLC, 512 F.3d 23, 28 (1st Cir. 2008). When a
plaintiff has "ignored the courts' admonitions" and "failed to
respond, in a timely manner," to an order to show cause why a case
should not be dismissed, dismissal may be "the most appropriate
sanction." Rivera Diaz v. American Airlines, Inc., 433 F.3d 120,
123 (1st Cir. 2005).

II. ANALYSIS

Plaintiff's failure to file a report by the October 30, 2015
deadline is the third time in this litigation that he has failed
to obey an order or to diligently prosecute his case. On January
16, 2014, Massport filed a motion to dismiss. Under District of
Massachusetts Local Rule 7.1(b)(2), Emerson had fourteen days to
file an opposition to Massport's motion. Emerson has not filed
any such opposition. On September 16, 2015, Emerson neither
attended the scheduled hearing on his counsel's motion to withdraw
nor requested that the hearing be rescheduled. Most recently,
Emerson has not complied with the order to file a report by October
30, 2015.

The court does not know why Emerson has not diligently
prosecuted his case. It also does not know whether Emerson seeks

4

to continue this case.  The court's orders have been docketed, and
the most recent order was sent by certified mail to the address on
Emerson's February 5, 2014 letter to the court.  As indicated
earlier, when a party "fails to obey a scheduling or other pretrial
order," the court may "dismiss[] the action."  Fed. R. Civ. P.
16(f) & 37(b)(2)(A)(v).  Similarly, a district court "may dismiss
a case sua sponte" for "[l]ack of diligent prosecution" or failure
to comply with a court order.  Cintron-Lorenzo, 312 F.3d at 525-
26; Fed. R. Civ. P. 41(b).

By this Memorandum and Order, the court is giving Emerson
notice of the possibility of dismissal and an opportunity to show
cause why his case should not be dismissed.  After Emerson failed
to appear at the September 16, 2015 hearing, the court allowed
Emerson approximately one month to report on whether he planned to
continue with this case.  The court will again allow Emerson
additional time to report on whether he seeks to continue this
case.  By December 16, 2015, Emerson shall report whether he has
retained new counsel, plans to proceed pro se, or no longer intends
to proceed with this case.  If he intends to continue with this
case, that report shall further seek to show cause, or explain,
why his past failures to diligently prosecute this case do not
warrant dismissal.  If Emerson does not file a report by December

5

16, 2015, or that report does not show cause for why the case should not be dismissed, this case will be dismissed.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Emerson shall, by December 16, 2015, either request dismissal or report that he seeks to continue with this case. If he seeks to continue this case, his report shall seek to show cause why this case should not be dismissed as a result of his failure to diligently prosecute his case and comply with court orders. He shall further either cause new counsel to appear by December 16, 2015 or state that he will represent himself.

2. If Emerson does not file this report by December 16, 2015, this case shall be DISMISSED. If Emerson files a report that does not show cause why the case should not be dismissed, this case shall be DISMISSED.

3. The November 17, 2015 conference is CANCELLED.

UNITED STATES DISTRICT JUDGE

6